IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR408-313
)
KEISHA LASHEA JOHNSON, )
)
Defendant. )
)

## O R D E R

Before the Court is the Government's Motion for Order of Forfeiture. (Doc. 29.) Defendant Keisha Lashea Johnson pled guilty to one count of Fraud in Connection with Access Devices in violation of 18 U.S.C. § 1029(a)(2), and one count of Unlawful Transfer, Possession or Use of a Means of Identification in violation of 18 U.S.C. § 1028(a)(1). (Doc. 30.) As part of the Plea Agreement, Defendant acknowledged that she derived $7,705.66 from these offenses and agreed to forfeit these funds to the United States. (Id. at 8-9.) During Defendant's sentencing hearing, the Court expressed its reservations about forcing Defendant to both make restitution to the victims and forfeit the wrongfully gained funds to the Government. As a result, the Court directed both Parties to brief the issue of whether forfeiture is mandatory in this case. (Doc. 34.)

In its response, the Government argues that, based on the unambiguous language of the statute, both forfeiture and restitution are mandatory. (Doc. 35.) For her part, Defendant avers that, while there is no case addressing this issue in the Eleventh Circuit, the language of the statute makes the imposition of forfeiture mandatory. (Doc. 36 at 2.) Unfortunately, the Court has arrived at the same conclusion. However, the Court notes the absurdity of imposing both forfeiture and restitution in this case. Forcing the Defendant to forfeit any proceeds derived from her criminal activity seriously hampers the ability of her victims to recover their lost funds. In this case, the chances of the victims obtaining restitution is diminished further because Defendant has depleted the wrongfully obtain funds, making the forfeiture a personal money judgment against Defendant. The Government cannot seriously believe that, after serving a six-month sentence, Defendant will be able to timely obtain employment, accrue $7,705.66 in funds to forfeit to the government, and pay $8,580.59 in restitution. When the victims of this crime ask why it has taken so long to be compensated, the only answer will be because the Government charged with protecting their interests also wanted its cut from Defendant.

Begrudgingly, the Government's Motion for Order of Forfeiture is **GRANTED**. Defendant **SHALL FORFEIT** to the United States the sum of **$7,705.66 in United States Currency** pursuant to 18 U.S.C. § 982(a)(2)(B). The Court **SHALL RETAIN** jurisdiction in this case for the purposes of enforcing this Order. The United States Probation Office is **DIRECTED** to prepare an amended judgment reflecting this Final Order of Forfeiture. The Government may, at any time, move pursuant to Federal Rule of Criminal Procedure 32.2(e) to substitute property having a value not in excess of $7,705.66 to satisfy any part of the money judgment. The **Clerk of Court** is **DIRECTED** to forward four (4) certified copies of this Order to Assistant United States Attorney Brian T. Rafferty at the United States Attorney's Office for the Southern District of Georgia, 100 Bull Street, Suite 201, Savannah, Georgia 31401.

SO ORDERED this 6th day of November, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA